# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1060

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Wilson Boneshirt, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   November 19, 2003

Filed:   December 22, 2003

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Wilson Boneshirt appeals his sentence of 180 months imprisonment imposed by the district court[*] after Boneshirt pleaded guilty to one count of incest, in violation of 18 U.S.C. § 1153, and as defined by South Dakota law.  For reversal, Boneshirt argues the district court abused its discretion in departing upward from the imprisonment range under the Sentencing Guidelines, and relied on factors already taken into consideration by the Sentencing Commission.  We disagree.

_____

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Boneshirt has an earlier conviction for sexual abuse of a minor. His relationship with the minor produced a child, the victim in this case. When Boneshirt was released from custody on the earlier conviction, he and the victim's mother resumed a relationship. Their child, a girl, was then three years old. She was later removed from her parents' care, and an investigation revealed Boneshirt had committed acts which included sexually penetrating his three-year-old daughter, making her scream again and again, and repeatedly ejaculating on her. At sentencing, to Boneshirt's base offense level of 27 for criminal sexual abuse--the most analogous offense guideline for incest, <u>see</u> U.S.S.G. § 2X5.1--four levels were added because the victim was under twelve years old, and another two levels were added because the victim was in Boneshirt's care, custody, and control. <u>See</u> U.S.S.G. § 2A3.1(a) & (b). After additional adjustments, a total offense level of 30 and a category III criminal history resulted in a sentencing range of 121 to 151 months imprisonment.

The district court then determined an upward departure was warranted and increased Boneshirt's criminal history category by two categories, resulting in a sentencing range of 151 to 188 months. In departing, the district court relied on U.S.S.G. §§ 5K2.0 (aggravating circumstances of kind or degree not taken into consideration by Sentencing Commission in formulating Guidelines), 5K2.8 (extreme conduct by defendant that was unusually heinous, cruel, brutal, or degrading to victim), and 4A1.3 (criminal history category that does not adequately reflect seriousness of defendant's past criminal conduct or likelihood defendant will commit other crimes). Reviewing the district court's application of the guidelines to the facts de novo, <u>United States v. Hutman</u>, 339 F.3d 773, 775 (8th Cir. 2003), we conclude the district court properly departed given the facts of this case. <u>See</u> <u>United States v. Hampton</u>, 260 F.3d 832, 835-36 (8th Cir. 2001) (upholding six-level upward departure as within sentencing court's discretion under U.S.S.G. § 5K2.3 or § 5K2.8 based in part on four-year-old victim's psychological injury), <u>cert. denied</u>, 535 U.S. 1058 (2002).

Accordingly, we affirm.

LAY, Circuit Judge, concurs only in the result.

_____